Lin v. Holder

BIA
Hom, IJ
A099 941 252

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> SUSAN L. CARNEY,
>      *Circuit Judges.*

_____

MING HUI LIN, AKA KERONG ZHENG, AKA
KU LEONG ZHENG,
>      *Petitioner,*

>      v.                                    11-5186
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:        Mona Liza Fabular Lao, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Janice K. Redfern, Senior Litigation Counsel; Gerald M. Alexander, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Ming Hui Lin, a native and citizen of China, seeks review of a November 15, 2011, order of the BIA affirming the September 8, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Hui Lin*, No. A099 941 252 (B.I.A. Nov. 15, 2011), *aff'g* No. A099 941 252 (Immig. Ct. New York City, Sept. 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007).

Initially, Lin challenges the agency's pretermission of his asylum application as untimely, arguing that he filed his application within a reasonable time of when "he felt that profound significance of Falun Gong practice in his life." However, we lack jurisdiction to review the agency's pretermission of Lin's asylum application because his challenge to the correctness of the agency's factual findings or its justification for its discretionary choices does not raise a constitutional claim or a question of law. See 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Lin also challenges the agency's denial of withholding of removal, arguing that he established eligibility through his credible testimony, because all Falun Gong practitioners are subject to persecution in China regardless of whether they are a leader or a lay practitioner. Because Lin was

2

not persecuted in the past, in order to establish it was more likely than not that he would be persecuted in the future, as required for withholding of removal, *see* 8 C.F.R. § 1208.16(b), Lin was required to show either that he would be singled out for persecution, or that there existed a pattern or practice of persecution of a group of persons similarly situated to him. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (per curiam); *accord* 8 C.F.R. § 1208.16(b)(2). Without evidence that Chinese officials were aware or likely to become aware of his practice of Falun Gong in the United States, however, Lin's testimony was inadequate to establish his eligibility for relief. *See Hongsheng Leng*, 528 F.3d at 142; *INS v. Phinpathya*, 464 U.S. 183, 188-89 n. 6 (1984) (unsupported statements of counsel in a brief are not evidence); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record," a petitioner's fear of future persecution is "speculative at best").

Finally, Lin challenges the agency's denial of CAT relief, asserting that the government did not satisfy its burden to rebut the presumption that it is more likely than not that he will be tortured in China. Lin's argument, however, misapprehends the burden of proof for CAT relief. "The burden of proof is on the applicant for withholding of removal under [the CAT] to establish that it is more likely than not that he ... would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Moreover, the only evidence Lin provides in support of his CAT claim is a statement broadly describing adverse human rights conditions in China. Because Lin only offers general statements about country conditions in China and no evidence regarding his particular circumstances, his CAT claim fails. *Wang v. Ashcroft*, 320 F.3d 130, 144 n. 21 (2d Cir. 2003) (rejecting an applicant's CAT claim because the applicant "has in no way established that someone in his particular alleged circumstances is *more likely than not* to be tortured").

3

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4